| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Mary Giesin** | |
| | First Name    Middle Name    Last Name | Social Security number or ITIN    xxx–xx–8753 |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **WESTERN DISTRICT OF PENNSYLVANIA** | | |
| Case number:   **19–20451–CMB** | | Date case filed for chapter   13   2/1/19 |

## Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Mary Giesin | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 3519 Foster Road McKeesport, PA 15131 | |
| 4. | **Debtor's attorney** Name and address | Brian C. Thompson Thompson Law Group, P.C. 125 Warrendale Bayne Road Suite 200 Warrendale, PA 15086 | Contact phone 724–799–8404  Email: bthompson@ThompsonAttorney.com |
| 5. | **Bankruptcy trustee** Name and address | Ronda J. Winnecour Suite 3250, USX Tower 600 Grant Street Pittsburgh, PA 15219 | Contact phone 412–471–5566  Email: cmecf@chapter13trusteewdpa.com |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.gov. | U.S. Bankruptcy Court 5414 U.S. Steel Tower 600 Grant Street Pittsburgh, PA 15219 | Hours open: Mon. – Fri. Pittsburgh Office: 9:00a.m. – 4:30p.m. Erie Office: 9:00a.m. – 4:30p.m.  Contact phone 412–644–2700  Date: 2/19/19 |

**For more information, see page 2**

Debtor **Mary Giesin**

Case number **19–20451–CMB**

| | | |
|---|---|---|
| **7. Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 25, 2019 at 09:00 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: **3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219** |
| **8. Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** **You must file:** • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or • a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 5/24/19** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 4/12/19** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 7/31/19** |
| | **Deadlines for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on: **3/25/19 at 9:00 AM** , Location: **3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                     Case No. 19-20451-CMB
Mary Giesin                                                                Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: bsil              Page 1 of 1              Date Rcvd: Feb 19, 2019
                             Form ID: 309I           Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 21, 2019.
db          +Mary Giesin,    3519 Foster Road,    McKeesport, PA 15131-1215
aty         +James Warmbrodt,    KML Law Group, P.C.,    701 Market Street,    Suite 5000,
              Philadelphia, PA 19106-1541
aty         +Keri P. Ebeck,    Bernstein-Burkley,    707 Grant Street,    Suite 2200 Gulf Tower,
              Pittsburgh, PA 15219-1945
tr          +Ronda J. Winnecour,    Suite 3250, USX Tower,    600 Grant Street,    Pittsburgh, PA 15219-2702
14988654    +KML Law Group, PC,    Mellon Independence Center, Ste 5000,    701 Market Street,
              Philadelphia, PA 19106-1538
14988655    +Riverset Credit Union,    1700 Jane Street,    Pittsburgh, PA 15203-1812
14988656    +Roundpoint Mortgage Svcg Corp,    5016 Parkway Plaza Boulevard,    Suite 200,
              Charlotte, NC 28217-1930

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty          E-mail/Text: bthompson@ThompsonAttorney.com Feb 20 2019 03:34:26      Brian C. Thompson,
              Thompson Law Group, P.C.,    125 Warrendale Bayne Road,    Suite 200,    Warrendale, PA  15086
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 20 2019 03:34:47      Pennsylvania Dept. of Revenue,
              Department 280946,    P.O. Box 280946,    ATTN: BANKRUPTCY DIVISION,
              Harrisburg, PA  17128-0946
ust         +E-mail/Text: ustpregion03.pi.ecf@usdoj.gov Feb 20 2019 03:34:56
              Office of the United States Trustee,    Liberty Center.,    1001 Liberty Avenue, Suite 970,
              Pittsburgh, PA 15222-3721
cr          +E-mail/Text: kburkley@bernsteinlaw.com Feb 20 2019 03:35:19      Duquesne Light Company,
              c/o Bernstein-Burkley, P.C.,    707 Grant Street, Suite 2200, Gulf Tower,
              Pittsburgh, PA 15219-1945
14996342     EDI: GMACFS.COM Feb 20 2019 08:23:00      Ally Financial,    PO Box 130424,
              Roseville MN 55113-0004
14988653     EDI: GMACFS.COM Feb 20 2019 08:23:00      Ally Financial,    PO Box 380901,
              Minneapolis, MN 55438-0901
14988657    +EDI: RMSC.COM Feb 20 2019 08:23:00      Syncb/BP,    PO Box 965024,    Orlando, FL 32896-5024
                                                                                  TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               RoundPoint Mortgage Servicing Corporation
                                                                          TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 21, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 19, 2019 at the address(es) listed below:
              Brian C. Thompson   on behalf of Debtor Mary  Giesin bthompson@ThompsonAttorney.com,
              blemon@thompsonattorney.com/mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
              hompsonattorney.com
              James  Warmbrodt   on behalf of Creditor    RoundPoint Mortgage Servicing Corporation
              bkgroup@kmllawgroup.com
              Keri P. Ebeck   on behalf of Creditor   Duquesne Light Company kebeck@bernsteinlaw.com,
              DMcKay@bernsteinlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour   cmecf@chapter13trusteewdpa.com
                                                                          TOTAL: 5